UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------------------------X
THE PHOENIX INSURANCE COMPANY,

                          Plaintiff,           Civil Action No:

                 -against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

                        Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE PHOENIX INSURANCE COMPANY ("Travelers"), by its attorneys, Keane and Associates, as and for its Complaint for Declaratory Judgment against Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty) alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Liberty is obligated to defend and to indemnify Daniel O'Connell's Sons, Inc. ("O'Connell") in connection with an underlying action filed by David A. Woods and Kelly Woods (collectively the "Claimants") against O'Connell, among others, seeking damages the Claimant allegedly sustained when he was struck by wind-blown plywood.

### Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the Commonwealth of Massachusetts with a principal place of business in Hartford, Connecticut.

3.     Upon information and belief, at all times relevant hereto, Liberty was and is a Massachusetts corporation with a principal place of business in Wausau, Wisconsin.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6.     An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Liberty.

7.     Plaintiff has no adequate remedy at law.

## Insurance Policies

8.     Travelers issued Commercial General Liability Policy DT-CO-6F649123-PHX-15 to The O'Connell Companies, Inc for the policy period of 04/01/2015 to 04/01/2016 (the "Travelers Policy").

9.     The Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10.    The Travelers Policy contains an excess "other insurance" clause that provides that coverage under the Travelers Policy is excess over any other coverage available to O'CONNELL as an additional insured.

11.    Defendant Liberty issued Commercial General Liability Policy TB2-Z11-261067-065 to Manafort-Precision LLC ("Manafort") for the policy period of 01/01/2015-01/01/2016

(the "Liberty Policy"). A copy of the Liberty Policy is attached hereto and incorporated herein as Exhibit "A."

12. The Liberty Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. By endorsement (LC 04 43), the Liberty Policy provides in pertinent part as follows:

> (4) Owners, Lessees or Contractors: any person(s) or organization(s) to whom you are obligated by a written agreement to procure additional insured coverage, but only with respect to liability for "bodily injury" . . . caused in whole or in part, by your act or omissions or the acts or omissions of your "employees", your agents, or your subcontractors, in the performance of your ongoing operations.
>
> \*\*\*
>
> There is no coverage for the additional insured for liability arising out of the sole negligence of the additional insured or those acting on behalf of the additional insured, except as provided below.
>
> If the written agreement obligates you to procure additional insured coverage for the additional insured's sole negligence, then the coverage for the additional insured shall conform to the agreement, but only if the applicable law would allow you to defend the additional insured for liability arising out of the additional insured's sole negligence.
>
> \*\*\*
>
> By endorsement (CG 20 10 04 13), the Liberty Policy is amended as follows:
>
> > A. Section II – Who is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" . . . caused, in whole in part, by:
> >
> > 1. Your acts or omissions; or
> > 2. The acts or omission of those acting on your behalf:
> >
> > in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
>
> By endorsement (LC 24 20 02 13), the Liberty Policy provides as follows:

Schedule

Person or Organization: When required by written contract, executed prior to loss

If you are obligated under a written agreement to provide liability insurance on a primary, excess, contingent or any other basis for any person or organization shown in the Schedule of this endorsement that qualifies as an additional insured on this policy, this policy will apply solely on the basis required by such written agreement and Paragraph 4. Other Insurance of Section IV - Conditions will not apply. If the applicable written agreement does not specific on what basis the liability insurance will apply, the provisions of Paragraph 4. Other Insurance of Section IV – Conditions will govern. However, this insurance is excess over any other insurance available to the additional insured for which it is also covered as an additional insured by attachment of an endorsement to another policy providing coverage for the same "occurrence", claim or "suit".

## **Background Facts**

16. On or about May 15, 2015, O'Connell entered into a contract with Manafort (the "Contract") to furnish labor and equipment necessary to the performance of certain concrete work in connection with construction of the Union Station Regional Intermodal Transportation Center in Springfield, Massachusetts (the "Job Site").

17. Pursuant to the Contract, Manafort, as subcontractor was to purchase and maintain liability insurance naming O'Connell, among others, which was primary and noncontributory.

18. The Claimant was allegedly injured on October 29, 2015 while working at the Jobsite as a Lead Concrete Foreman for his employer, Manafort.

19. On or about October 17, 2016, the Claimant filed a lawsuit against O'Connell among others in the Hampshire Superior Court Department of the Trial Court which was assigned Civil Action Number 1680CV00167 (the "Underlying Action").

20. In the Underlying Action, the Claimant alleges, *inter alia*, that he sustained certain injuries windblown unsecured plywood struck him the back of the head and neck.

21. Travelers is defending O'Connell in the Underlying Action.

22. In the Underlying Action, the Claimant seeks to recover for alleged injuries which were caused in whole or in part by Manafort's acts or omissions in its ongoing operations or the acts or omissions of those acting on Manafort's behalf.

### Tender to Liberty

23. O'Connell qualifies as an additional insured under the Liberty Policy.

24. By correspondence, dated May 10, 2016, Travelers timely notified Liberty of the alleged accident and demanded that Liberty defend and indemnify O'Connell as an additional insured under the Liberty Policy. A copy of the correspondence to Liberty is attached hereto and incorporated herein as Exhibit "B."

25. By correspondence, dated October 19, 2016, Travelers again tendered the alleged incident and demanded that Liberty defend and indemnify O'Connell as an additional insured under the Liberty Policy. A copy of the correspondence to Liberty is attached hereto and incorporated herein as Exhibit "C."

26. By correspondence dated November 4, 2016, Liberty disclaimed coverage as to the Underlying Action. A copy of the correspondence from Liberty is attached hereto and incorporated herein as Exhibit "D."

27. To date and despite ongoing and repeated requests, Liberty has failed and refused to accept its defense and indemnity obligation to O'Connell as an additional insured under the Liberty Policy in connection with the Underlying Action.

29. Accordingly, Travelers seeks a declaration that Liberty has an obligation to defend and indemnify O'Connell as an additional insured; that the coverage provided by the

Liberty Policy is primary; and that the obligations of Travelers to O'Connell in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Liberty Policy.

30. In addition, Travelers seeks an award at law and in equity against Liberty for recovery of all sums Travelers has incurred and continues to incur in the defense of O'Connell in the Underlying Action because the coverages provided by the Liberty Policy are primary to any coverage provided by Travelers.

### Claim for Declaratory Relief

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Liberty Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Liberty Policy have been complied with and met.

3. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Liberty Policy.

4. Declaring that Defendant Liberty owes a duty to defend O'Connell in connection with the Underlying Action.

5. Declaring that Defendant Liberty owes a duty to indemnify O'Connell in connection with the Underlying Action.

6. Declaring that Defendant Liberty's coverage obligations to O'Connell in connection with the Underlying Action are primary.

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess to those of Defendant Liberty with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Liberty with respect to Liberty's duty to defend and to indemnify O'Connell in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Liberty for all sums Travelers has paid in defending O'Connell as to the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: Hartford, Connecticut
December 3, 2020

RESPECTFULLY SUBMITTED:

PLAINTIFF
The Phoenix Insurance Company

By: /s/Meg R. Reid
Meg R. Reid (#4858510)
KEANE AND ASSOCIATES
Attorneys for Plaintiff
Direct: 860.954.9452
Fax: 844.571-3789
Email: mrreid@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017